[Cite as *State v. Rucker*, 2016-Ohio-5111.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150434 |
| | | TRIAL NO. B-0905355 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CLIFFORD RUCKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                            Remanded

Date of Judgment Entry on Appeal:  July 27, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}  In 2011, defendant-appellant Clifford Rucker was convicted, after a jury trial, of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). He was sentenced to five years' incarceration.  We affirmed his conviction on appeal, but noted that the trial court had incorrectly classified Rucker as a Tier III sex offender under Ohio's version of the Adam Walsh Act.  We remanded the cause for the trial court to "to amend its judgment entry to reflect that Rucker is a Tier II sex offender." *See State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185. The trial court never carried out our order on remand.

{¶2}  On January 8, 2015, after Rucker was released from prison, he filed a pro se "Motion for Re-Sentencing Based on Void Judgment/and or Motion to Dismiss the Defendant's Classification as a Tier Sex Offender or Child-Victim Offender, Where the First District Appellate Court Reversed and Remanded In-Part and the Trial Court's Failure to Re-Sentence the Defendant as Ordered on January 20th, 2012."  Rucker's counsel filed an "Amended Motion for Relief from Sanctions Imposed Pursuant to Sentence," arguing that the trial court had failed to properly notify Rucker of postrelease control, that Rucker's release from prison had deprived the court of authority to correct the postrelease-control notification, and that therefore, Rucker could not be subject to postrelease control.  Rucker also argued that because he had been released from prison, the trial court was without authority to classify him as a Tier II sex offender "pursuant to the principles applicable to" postrelease control.

{¶3}  The trial court overruled Rucker's amended motion.  The court found that postrelease control had been properly imposed.  The court also determined that it was bound by our remand order to modify Rucker's sex-offender classification to

Tier II. The court stated in its entry overruling the motion that "Rucker's classification will be modified under a separate entry to Tier II." The trial court has never entered an order modifying Rucker's sex-offender classification to Tier II. We point out that there is no order in place requiring Rucker to register as a sex offender. Rucker has appealed.

### Postrelease Control

{¶4} Rucker's first assignment of error alleges that the trial court erred "by not vacating his void sentence." Rucker argues that the sentencing court failed to properly notify him that the five years of postrelease control he faced was mandatory, and that because the error was not corrected before he was released from prison, he cannot be subject to postrelease control.

{¶5} A trial court retains jurisdiction to review and correct a void judgment. *State ex rel. Cruzado V. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263. "To the extent that a sentence is not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and the void portion of the sentence is subject to review at any time and must be 'set aside.' " *State v. Lopez*, 1st Dist. Hamilton Nos. C-120436 and C-120555, 2013-Ohio-4141, ¶ 14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27. "But any correction of the offending portion of the sentence must be accomplished before the offender is released from prison. If it is not, the offender may not be placed under the postrelease-control supervision of the Ohio Adult Parole Authority, nor may he be sanctioned for any postrelease-control violation." (Citations omitted.) *Lopez* at ¶ 14.

{¶6} The trial court was required to notify Rucker at the sentencing hearing and in the judgment of conviction that he was subject to five years of mandatory postrelease control. *See State v. Arszman*, 1st Dist. Hamilton No. C-130133, 2014-

Ohio-2727, ¶ 5; *State v. Duncan*, 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 13, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79, and *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69. At Rucker's sentencing hearing, the trial court stated, "It's also my responsibility to tell you, sir, that after you are released from the Department of Corrections, that you'll be on a period of supervision by them for a period of five years." The sentencing entry states, "As part of the sentence in this case, the defendant shall be supervised by the Adult Parole Authority after defendant leaves prison, which is referred to as post-release control, for five (5) years."

{¶7}   "The fact that the word 'mandatory' does not appear in the transcript is not dispositive." *State v. Hopkins*, 6th Dist. Lucas No. L-10-1127, 2012-Ohio-6065, ¶ 11. The trial court's statement to Rucker that "you'll be on a period of supervision" was sufficient to notify Rucker of the mandatory nature of his postrelease control. *See State v. Lake*, 6th Dist. Wood No. WD-10-058, 2012-Ohio-1236, ¶ 6 (court's statement to defendant that "you will be subject to five years of postrelease control" left "no doubt that postrelease control was mandatory"); *State v. Tucker*, 8th Dist. Cuyahoga No. 95289, 2011-Ohio-1368, ¶ 9 ("The word 'will' leaves no room for discretion or any other possibility."). Further, the statement in the judgment entry that Rucker "shall be supervised * * * for five (5) years" makes it clear that the postrelease control is mandatory. *See Lakewood v. Papadelis*, 32 Ohio St.3d 1, 3, 511 N.E.2d 1138 (1987) ("[t]he word 'shall' has been consistently interpreted to make mandatory the provision in which it is contained").

{¶8}   The cases cited by Rucker, *Arszman* and *Duncan*, are inapposite. The court told Arszman that he would be subject to postrelease control "for a period of time up to five years." *See Arszman* at ¶ 6. We held that Arszman was not adequately informed that postrelease control was mandatory for the entire five-year

period. *Id.* In *Duncan*, we held that vague language in the judgment entry that the defendant was "subject to the post release [sic] control supervision of R.C. 2967.28" was inadequate to inform Duncan of the duration or mandatory nature of postrelease control, the consequences of violating postrelease control, or the length of time that could be imposed for a postrelease-control violation. *See Duncan* at ¶ 11.

{¶9}   We hold that the trial court properly notified Rucker that his five-year term of postrelease control was mandatory.   The first assignment of error is overruled.

### *Sex-Offender Notification*

{¶10}   Rucker's second assignment of error alleges that the trial court erred in "modifying and changing his sentence after he had completed his prison sentence" by improperly adding Tier II sex-offender registration requirements after Rucker had served his prison term and had been released.   Rucker argues that he was never properly notified of his Tier II classification and registration requirements prior to his release from prison.   Rucker contends that because tier sex-offender registration requirements are punitive, *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 15, 20 (following the enactment of Senate Bill 10, R.C. Chapter 2950 is punitive), tier sex-offender notification should be subject to the same standard applied in postrelease control—that the court is without authority to notify the offender of and impose sex-offender registration requirements once the offender has served the prison term for that offense.   Rucker cites to *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382 (the trial court does not have the authority to resentence the defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense), and *Lopez*, 1st Dist. Hamilton Nos. C-120436 and C-120555, 2013-Ohio-4141, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-

2462, 909 N.E.2d 1254 (any correction of a sentence that is void for failure of the trial court to comply with the statutory mandates concerning postrelease control must be accomplished before the offender is released from prison).

{¶11} In its entry overruling Rucker's motion, the trial court stated that "Rucker's classification will be modified under a separate entry to Tier II," but the court did not journalize an entry classifying Rucker as a Tier II sex offender. Rucker's assignment of error is overruled, because the trial court has never entered an order modifying Rucker's sex-offender classification to Tier II, and there is no order in place requiring Rucker to register as a sex offender.

### Conclusion

{¶12} Because the trial court determined that it was bound by our order of remand to modify Rucker's sex-offender classification to Tier II, it never considered whether it had authority to carry out that order after Rucker had been released from his term of imprisonment. Therefore, we reverse that portion of the trial court's entry overruling Rucker's motion for resentencing that states that the trial court was bound by our order of remand to classify Rucker as a Tier II sex offender, and we remand this cause to the trial court for it to determine whether it has authority to notify Rucker of and impose upon him Tier II sex-offender registration requirements. The judgment of the trial court is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**FISCHER, P.J.,** and **STAUTBERG, J.,** concur.

Please note:
    The court has recorded its own entry this date.