[Cite as *State v. Kirkpatrick*, 2017-Ohio-7629.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160880 |
| | | C-160881 |
| Plaintiff-Appellee, | : | C-160882 |
| | | TRIAL NOS. 16TRC-23203A |
| vs. | : | 16TRC-23203B |
| | | 16TRC-23203C |
| STEPHANIE ANN KIRKPATRICK, | : | |
| Defendant-Appellant. | : | *O P I N I O N.* |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in C-160880; Reversed and Appellant Discharged in C-160882; Appeal Dismissed in C-160881

Date of Judgment Entry on Appeal: September 15, 2017

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Pinales, Stachler, Young, Burrell & Crouse Co.* and *Candace C. Crouse,* for Defendant-Appellant.

DETERS, Judge.

{¶1} Defendant-appellant Stephanie Ann Kirkpatrick appeals from her convictions for driving while under the influence of alcohol ("OVI") and making an improper turn. Because we determine that the officer who initiated the traffic stop of Kirkpatrick's vehicle for an improper turn made a reasonable mistake of law, the trial court properly denied Kirkpatrick's motion to suppress; therefore, we affirm Kirkpatrick's OVI conviction. As to Kirkpatrick's improper-turn offense, we determine that the trial court erred in finding Kirkpatrick guilty, and we reverse the trial court's judgment on that charge.

### Facts and Procedural History

{¶2} On May 26, 2016, at approximately 2 a.m., a Cincinnati police officer noticed a Honda Civic "driving significantly faster" than the posted speed limit. The officer watched the vehicle approach an intersection, stop, and then continue again, still well over the posted speed limit. The officer witnessed the vehicle stop at a red light, and when the light changed to green, the vehicle turned left into the outside right lane, instead of the nearest inside lane closest to the center line. At that point, the officer believed a traffic violation had occurred, and the officer initiated a traffic stop. The officer eventually administered field-sobriety testing to the driver, Kirkpatrick, and arrested her for OVI. At the police station, Kirkpatrick submitted to a breath-alcohol test. As a result, the state charged Kirkpatrick with OVI under R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d), as well as making an improper turn under R.C. 4511.36.

{¶3} Kirkpatrick filed a motion to suppress the evidence against her. In the motion, she argued, in part, that the officer lacked probable cause to stop her for an

2

illegal left turn under R.C. 4511.36, because the statute had been found ambiguous by this court in *State v. Stadelmann*, 1st Dist. Hamilton No. C-130138, 2013-Ohio-5035. The trial court overruled Kirkpatrick's motion to suppress, and she pleaded no contest to all three charges. The trial court found Kirkpatrick guilty of all offenses, but for purposes of sentencing, the trial court merged the OVI offense under R.C. 4511.19(A)(1)(a) with the offense under R.C. 4511.19(A)(1)(d). The trial court sentenced Kirkpatrick to 180 days in jail, with 170 days suspended, a $525 fine, and six months of community control. The trial court stayed Kirkpatrick's sentence pending appeal.

## Motion to Suppress under the Fourth Amendment

{¶4} In her first assignment of error, Kirkpatrick argues that the trial court erred in denying her motion to suppress.

{¶5} This court reviews a trial court's ruling on a motion to suppress as a mixed question of law and fact. *See State v. Haynes*, 1st Dist. Hamilton No. C-140205, 2015-Ohio-3432, ¶ 17, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "A reviewing court must accept the trial court's findings of fact if they are supported by competent and credible evidence." *Haynes* at ¶ 17, citing *Burnside*. "But the reviewing court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶6} The Fourth Amendment requires that law-enforcement officials act reasonably, and the permissibility of a law-enforcement officer's actions are determined by balancing the intrusion on an individual against the government's interest. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶

12, citing *Delaware v. Prouse*, 440 U.S. 648, 653-654, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Thus, in order to initiate a traffic stop, a police officer must have reasonable suspicion that the driver of the vehicle has committed a traffic violation. *Mays* at ¶ 8. A police officer's objectively reasonable belief that a traffic violation has occurred, including reasonable mistakes of law, can constitute reasonable suspicion to justify a traffic stop. *See Heien v. North Carolina*, __ U.S. __, 135 S.Ct. 530, 540, 190 L.Ed.2d 475 (2014).

{¶7} Kirkpatrick argues that the officer acted unreasonably in initiating a traffic stop for a suspected violation of R.C. 4511.36, improper left turn, because of this court's decision in *Stadelmann*, 1st Dist. Hamilton No. C-130138, 2013-Ohio-5035. The facts of *Stadelmann* are similar to the case at bar. In *Stadelmann*, a police officer initiated a traffic stop of a vehicle after the officer witnessed the driver of the vehicle make a wide left turn, turning into the far, right lane, instead of the lane closest to the center line. The officer believed that the driver had violated R.C. 4511.36(A)(2). R.C. 4511.36(A)(2) provides:

> At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the

4

left turn shall be made in that portion of the intersection

to the left of the center of the intersection.

{¶8} After stopping the vehicle, the police officer eventually arrested the driver for OVI. The defendant-driver filed a motion to suppress, arguing that he had made a legal left-hand turn, and therefore the officer acted unreasonably in initiating the traffic stop. The trial court overruled the defendant's motion to suppress and found the defendant guilty of OVI.

{¶9} The defendant in *Stadelmann* appealed the denial of his motion to suppress, arguing that his actions did not violate R.C. 4511.36(A)(2). A majority of this court determined that R.C. 4511.36(A)(2) could be interpreted two ways: "First, and more likely, it means that a driver must turn into the lane closest to the center line when making a left turn onto a two-way street. * * * Alternatively, the statute could simply mean that one must complete the turn without driving left-of-center— i.e. into oncoming traffic." *Stadelmann* at ¶ 3. The majority opined that the second reading "seems less likely" given other portions of the Revised Code and the *Digest of Ohio Motor Vehicle Laws. Id.* at ¶ 3, 9.

{¶10} Ultimately, the *Stadelmann* majority held that its resolution of the defendant's appeal did not depend upon an interpretation of R.C. 4511.36(A)(2), but upon whether the officer reasonably believed that the defendant had violated R.C. 4511.36(A)(2). *See Stadelmann* at ¶ 4, quoting *State v. Reedy*, 5th Dist. Perry No. 12-CA-1, 2012-Ohio-4899, ¶ 19 ("[w]here a statue is vague or ambiguous, or requires judicial construction to determine its scope of meaning, exceptional circumstances exist which permit courts to extend the good faith exception to the exclusionary rule to not only mistakes of fact but also mistakes of law."). The majority determined that

5

the officer had had an objectively reasonable belief that the defendant had violated R.C. 4511.36(A)(2) by turning left into the far, outside lane, instead of the lane nearest the center line, because "the language of the statute lends itself to that interpretation." *Stadelmann* at ¶ 10. Therefore, the majority affirmed the denial of the defendant's motion to suppress.

{¶11} Former Judge, now Ohio Supreme Court Justice Patrick DeWine dissented in *Stadelmann*, stating that R.C. 4511.36(A)(2) was clear and unambiguous:

> It simply requires the driver 'square into the turn,' as we are all taught in drivers' education class. The driver must proceed through the intersection and across the center line before turning left. The statute says nothing about whether the driver must make the turn into the right or left side of the right lane. Under the plain language of the statute, a turn into either side is perfectly legal.

*Stadelmann* at ¶ 14.

{¶12} Kirkpatrick argues that once a statute has been found ambiguous by a court, as in *Stadelmann*, an officer can no longer reasonably rely on that statute in initiating a traffic stop. In support of this argument, Kirkpatrick relies on the rule of lenity, which provides that ambiguous criminal statutes must be construed against the state and in favor of the defendant. *See* R.C. 2901.04(A) ("sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused"); *State v. Stevens*, 139 Ohio St.3d 247,

2014-Ohio-1932, 11 N.E.3d 252. Kirkpatrick also relies on an Illinois Supreme Court case, *People v. Gayton*, 2015 IL 116223, 392 Ill.Dec. 333, 32 N.E.3d 641. In *Gayton*, the court determined that an officer reasonably believed a driver committed a traffic offense, because the criminal statute in question was ambiguous and no other appellate court had addressed the scope of the statute.

{¶13} We disagree with the finding in *Stadelmann* that R.C. 4511.36(A)(2) is ambiguous. The plain language of R.C. 4511.36(A)(2) does not prohibit a driver from turning into the outside, right lane, instead of the inside, left lane. We recognize that other appellate districts arguably disagree with this position; however, we do not find their analysis persuasive. *See State v. Graham*, 2014-Ohio-3283, 17 N.E.3d 112 (9th Dist.) (determining that "R.C. 4511.36(A)(2) * * * requires drivers, whenever practicable, to pull into the left, inside lane when turning left from a two-way street onto another two-way street."); *State v. Connelly*, 6th Dist. Wood No. WD-13-080, 2014-Ohio-2688, ¶ 22 (relying on the *Digest of Ohio Motor Vehicle Laws* in holding that the statute "at least arguably" prohibits left turns into the far-right curb lane); *State v. Coles*, 4th Dist. Athens No. 95CA1662, 1996 WL 334423, *3 (June 7, 1996) (determining that the defendant "arguably violated" former R.C. 4511.36(B), which is now R.C. 4511.36(A)(2), by making a "wide left turn in that he failed to enter the road he was turning onto in the lane just right of center."). Therefore, we adopt the reasoning in Justice DeWine's dissenting opinion in *Stadelmann* and hold that R.C. 4511.36(A)(2) is clear and unambiguous.

{¶14} Nevertheless, because the *Stadelmann* majority interpreted R.C. 4511.36(A)(2), albeit in dicta, to prohibit wide left turns into an outside lane, the police officer's belief that Kirkpatrick's wide left turn violated R.C. 4511.36

constitutes an objectively reasonable mistake of law in this case. *See Stadelmann*, 1st Dist. Hamilton No. C-130138, 2013-Ohio-5035, at ¶ 10; *Heien*, __ U.S. __, 135 S.Ct. at 540, 190 L.Ed.2d 475. Thus, the trial court properly denied Kirkpatrick's motion to suppress, and we overrule her first assignment of error.

## Improper Turn

{¶15} In her second assignment of error, Kirkpatrick argues that the trial court erred in finding her guilty under R.C. 4511.36.

{¶16} As a jurisdictional matter, the city argues that this court lacks jurisdiction over Kirkpatrick's appeal, because the trial court did not impose a sentence for the improper-turn violation. The city relies on *State v. Bennett*, 1st Dist. Hamilton Nos. C-140507 and C-140508, 2015-Ohio-3246. In *Bennett*, this court held that the trial court's entry imposing court costs only was not a "sentence," and therefore the trial court's judgment was not a final, appealable order. *Id.* at ¶ 6. However, *Bennett* is distinguishable from this case. The trial court's entry in this case indicates that the trial court imposed a six-month term of community control on the improper left-turn offense, and a trial court speaks through its journal entries. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Even though community control cannot be imposed upon a minor-misdemeanor offense, s*ee* R.C. 4511.36(D) and 2929.25(A)(1), the trial court nevertheless imposed a sentence. Therefore, this court has jurisdiction over this appeal. *See* Crim.R. 32(C); *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶17} As to the merits of Kirkpatrick's second assignment of error, we agree that the trial court erred in finding Kirkpatrick guilty under R.C. 4511.36. As we

stated in the disposition of Kirkpatrick's first assignment of error, R.C. 4511.36(A)(2) does not prohibit Kirkpatrick's conduct in this case, namely making a left turn into the far, outside lane, instead of the inside, right lane. Therefore, the trial court's finding of guilt constitutes plain error. *See* Crim.R. 52(B). We sustain Kirkpatrick's second assignment of error.

## Conclusion

{¶18} In conclusion, we affirm the judgment of the trial court convicting Kirkpatrick of OVI under R.C. 4511.19(A)(1)(d). We dismiss the appeal from the trial court's judgment finding Kirkpatrick guilty of OVI under R.C. 4511.19(A)(1)(a), because the trial court merged that offense, and therefore Kirkpatrick was never convicted of that offense. *See* Crim.R. 32(C); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24. Finally, we reverse the judgment of the trial court with respect to Kirkpatrick's conviction under R.C. 4511.36, and Kirkpatrick is discharged from further prosecution in that case.

Judgment accordingly.

ZAYAS, P.J., and MYERS, J., concur.

Please note:
        The court has recorded its own entry on the date of the release of this opinion.