[Cite as *State v. Merritt*, 2018-Ohio-4995.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170649 |
| | | TRIAL NO. B-1701287 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| SHANNON MERRITT, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 14, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Rhett Baker,* for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Pursuant to a plea bargain, defendant-appellant Shannon Merritt pleaded guilty to felonious assault, rape, and kidnapping. Charges of attempted rape and abduction were dismissed. Prior to accepting Merritt's pleas, the trial court informed him that the rape charge was a sexually-oriented offense, and that he would be classified as a Tier III sex offender under, and subject to the registration and verification provisions of, Ohio's version of the Adam Walsh Act ("AWA"). The trial court accepted Merritt's pleas, found him guilty, and imposed an agreed aggregate sentence of 11 years' incarceration. The judgment entry of conviction does not contain Merritt's Tier III sex-offender classification. Merritt has appealed, alleging in a sole assignment of error that his pleas were not knowing, intelligent, and voluntary, because the court did not inform him prior to accepting the pleas that as a Tier III sex offender, he would be subject to community notification and residential restrictions.

{¶2} In *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 6, we stated,

> The registration and verification requirements of the AWA are punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. They are part of the penalty imposed for the offense. *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 7 (1st Dist.); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120067 and C-120077, 2012-Ohio-5281, ¶ 12; *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. "[A] sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence." *State v. Holdcroft*, 137

Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6. Tier classification under the AWA is a type of sanction that may be imposed for an offense. *See Williams.*

A trial court speaks through its journal entries. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 30; *State v. Lewis*, 1st Dist. Hamilton No. C-160909, 2018-Ohio-1380, ¶ 9; *State v. Kirkpatrick*, 2017-Ohio-7629, 97 N.E.3d 871, ¶ 16 (1st Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29; *State v. Hafford*, 1st Dist. Hamilton No. C-150578, 2016-Ohio-7282, ¶ 10. "A sanction is imposed by the sentencing entry, not by what is said on the record during the sentencing hearing." *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 26 (12th Dist.), citing *Bonnell* at ¶ 29.

{¶3} The inclusion of the defendant's Tier III sex-offender classification in the sentencing entry is mandatory, and its omission renders the sex-offender classification void. *Halsey* at ¶ 26; *see Bonnell* at ¶ 29. We have held that a judgment convicting the defendant of an offense that subjects him to the AWA's registration and notification requirements must accurately reflect his tier classification. *State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185, ¶ 31 and 48. We affirmed our holding that the proper tier classification must be included in the judgment of conviction in *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, ¶ 11, *appeal not allowed*, 148 Ohio St.3d 141, 2017-Ohio-573, 69 N.E.3d 751. Merritt's tier classification is part of the sentence for his rape offense, and therefore, it must be included in the entry of conviction and sentence. *See id.*; *Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962. In the absence of a proper tier classification in the judgment of conviction, there is no order in place

requiring Merritt to register as a sex offender. *See State v. Arszman*, 1st Dist. Hamilton No. C-160698, 2017-Ohio-7581.

{¶4} This court is required to address assignments of error that are not moot. App.R. 12(A)(1). Merritt's assignment of error alleges that his guilty pleas were not knowing, intelligent, and voluntary, because the trial court did not inform him that as a Tier III sex offender, he would be subject to community notification and residential restrictions. The trial court did not include Merritt's tier classification in the judgment of conviction, and therefore, he is not subject to the AWA's community-notification provisions and residency restrictions.

{¶5} In *State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, Halsey pleaded guilty to sexual battery. At the sentencing hearing, the trial court informed Halsey that he would be classified as a Tier III sex offender and required to register every 90 days for the rest of his life. Halsey signed an "Explanation of Duties to Register as a Sex Offender" form, but the form had not been filed with the clerk of courts and was not in the record for review on appeal. The sentencing entry was silent with regard to Halsey's sex-offender classification. Halsey completed his community control, and the trial court entered an order "terminating his case." The Butler County Sheriff's Department continued to enforce the Tier III registration and reporting requirements on Halsey.

{¶6} Subsequently, Halsey filed a motion to vacate his Tier III sex-offender classification, arguing that it was void because his sentencing entry did not include the Tier III classification. He also argued that the trial court had no jurisdiction to impose the Tier III classification, because his case had been "terminated." The trial court denied Halsey's motion. Halsey appealed, alleging that the trial court had erred in denying his motion to vacate his void sex-offender classification. The Twelfth Appellate District overruled Halsey's assignment of error and affirmed the

4

judgment of the trial court, stating that the "sentencing entry makes no mention of appellant's Tier III sex offender classification. As a result, the trial court did not err in denying appellant's motion to vacate his Tier III sex offender classification as there was nothing for the trial court to vacate." *Accord Arszman*, 1st Dist. Hamilton No. C-160698, 2017-Ohio-7581 (overruling defendant's assignment of error alleging that the trial court erred in overruling his motion to vacate his Tier I sex-offender classification, and holding that the trial court did not err in overruling Arszman's motion to vacate, because there was no classification to vacate where there was no judgment of conviction classifying Arszman as a Tier I sex offender); *Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111 (overruling defendant's assignment of error alleging that the trial court erred in modifying his sentence by adding Tier II sex-offender registration requirements after he had served his term of imprisonment for the sex offense, and holding that the trial court did not err in overruling defendant's motion where the trial court had never journalized an order imposing Tier II sex-offender registration requirements on defendant, and therefore, there was no order in place requiring defendant to register as a sex offender).

{¶7} Merritt's position is similar to that of Halsey, Arszman, and Rucker. In those cases, the courts of appeals overruled the assignments of error because the complained-of errors were not demonstrated in those records where there were no orders in place requiring those defendants to register. Because Merritt's Tier III classification was not included in the judgment of conviction and sentence, he is not subject to community notification or residency requirements. On this record, we cannot decide and Merritt cannot show that his guilty pleas were not knowing, intelligent, and voluntary on the basis that he was not informed about community notification and residency restrictions, because those sanctions were never imposed.

Merritt's assignment of error is overruled, because the error of which he complains is not demonstrated in the record. The judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, J.,** concurs.
**MILLER, J.,** dissents.

**MILLER, J.,** dissenting.

{¶8} I respectfully dissent from the majority's overruling of Merritt's assignment of error, because I believe that his appeal must be dismissed.

{¶9} Because Merritt's Tier III sex-offender classification is not included in the judgment of conviction and sentence, there is no order in place requiring him to register, and the registration and verification requirements, the community-notification provisions, and the residency restrictions under the AWA have not attached. The sanctions of which Merritt asserts he was not properly advised have not been imposed. We cannot afford relief based on unimposed sanctions. *See State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336 (dismissing the appeal on grounds that no actual controversy existed and it was impossible for the court to grant any relief, where the defendant had appealed alleging that his consecutive sentences were contrary to law, and the trial court determined that the consecutive sentences were void and resentenced him, imposing concurrent sentences); *see also State v. Werber*, 8th Dist. Cuyahoga No. 97797, 2012-Ohio-2516 (holding that appellate courts will not review questions that do not involve live controversies); *Cleveland v. Kilbane*, 8th Dist. Cuyahoga No. 75942, 2000 WL 263285 (Mar. 9, 2000) (holding that where it is impossible for the appellate court to grant any relief, the appeal must be dismissed). Therefore, I would dismiss Merritt's appeal.

Please note:
    The court has recorded its own entry this date.