[Cite as *State v. Rucker*, 2019-Ohio-4490.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180606 |
| | | TRIAL NO. B-0905355 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CLIFFORD RUCKER, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Vacated

Date of Judgment Entry on Appeal:  November 1, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins,* for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    Defendant-appellant Clifford Rucker has appealed his classification as a Tier II sex offender under Ohio's version of the Adam Walsh Act ("AWA"). We hold that the trial court had no authority to classify Rucker as a Tier II sex offender after he had served the prison portion of his sentence for his sex offense, and therefore, Rucker has no duty to register under the AWA.

## Facts and Procedure

{¶2}    In 2011, Rucker was convicted, after a jury trial, of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). He was sentenced to five years in prison. We affirmed his conviction on appeal, but noted that the trial court had incorrectly classified Rucker as a Tier III sex offender under the AWA. We remanded the cause for the trial court to correct its judgment entry to reflect that Rucker was a Tier II sex offender. *See State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185. The trial court did not carry out our order on remand.

{¶3}    On January 8, 2015, after Rucker was released from prison, he filed a pro se "Motion for Re-Sentencing Based on Void Judgment/and or Motion to Dismiss the Defendant's Classification as Tier Sex Offender or Child-Victim Offender * * *." Rucker's counsel filed an "Amended Motion for Relief from Sanctions Imposed Pursuant to Sentence," arguing that the trial court had failed to properly notify Rucker of postrelease control, that Rucker's release from prison had deprived the court of authority to correct the postrelease-control notification, and that therefore, Rucker could not be subject to postrelease control. Rucker also argued that because he had been released from prison, the trial court was without authority to classify him as a Tier II sex offender "pursuant to the principles applicable to" postrelease control.

{¶4}   The trial court overruled Rucker's amended motion.  The court found that postrelease control had been properly imposed.  The court also determined that it was bound by our order of remand to modify Rucker's sex-offender classification to Tier II.   The court stated in its entry overruling the motion that "Rucker's classification will be modified under a separate entry to Tier II."  The trial court did not journalize a separate entry.  Rucker appealed.

{¶5}   In *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, *appeal not allowed*, 148 Ohio St.3d 1411, 2017-Ohio-573, 69 N.E.3d 751, we held that the postrelease-control notification was proper.  We noted that there was no order in place requiring Rucker to register as a sex offender, and we remanded the cause for the trial court to consider whether it had authority to carry out our remand order in the first appeal and impose Tier II registration requirements on Rucker after he had been released from prison.

{¶6}   After a hearing on remand, the trial court entered an order stating, "On remand from the First District Court of Appeals in the case No. C-110082, the court vacates the defendant's Tier III designation from the court's sentencing entry dated January 31, 2011.  The defendant is a Tier II offender."  The trial court did not address our remand order in the case numbered C-150434.  Rucker appealed.

{¶7}   We dismissed Rucker's appeal for lack of a final appealable order in *State v. Rucker*, 2018-Ohio-3575, 108 N.E.2d 1275 (1st Dist.), holding that the trial court's order purporting to classify Rucker as a Tier II offender was not final and appealable because the classification was part of Rucker's sentence, and therefore, it had to be included in the entry of conviction and sentence.  We held that the trial court's order did not meet the requirement that the judgment of conviction must be a single document that includes the fact of conviction, the sentence, the judge's signature, and the time stamp.  *Id.* at ¶ 10-11.

3

{¶8}   Rucker filed various motions in the trial court objecting to the state's attempt to classify him as a Tier II offender.   Ultimately, the trial court overruled Rucker's motions.   On October 15, 2018, with Rucker not present in court due to a medical condition, the trial court entered an order entitled "Judgment Entry: Sentence Incarceration Corrected Sex Offender Classification and Notification."   The entry is a sentencing entry that states that Rucker is classified as a Tier II sex offender.   The entry also states, incorrectly, that Rucker was present in court for sentence on October 15, 2018.   Rucker has appealed.

## Analysis

{¶9}   Rucker's first assignment of error alleges that the trial court erred in classifying him as a Tier II sex offender and imposing Tier II sex-offender registration requirements on him after he had completed his prison sentence.

{¶10}   This court has held that a judgment convicting the defendant of an offense that subjects him to the AWA's registration and notification requirements must accurately reflect his tier classification.   *See Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185, at ¶ 31 and 48.   We reaffirmed that the proper tier classification must be included in the judgment of conviction in *Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, and *State v. Arszman*, 1st Dist. Hamilton No. C-160698, 2017-Ohio-7581.

{¶11}   In *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 6, we stated,

> The registration and verification requirements of the AWA are
> punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952
> N.E.2d 1108, ¶ 16.   They are part of the penalty imposed for the
> offense. *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 7 (1st
> Dist.); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120067 and C-

4

120077, 2012-Ohio-5281, ¶ 12; *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. "[A] sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6. Tier classification under the AWA is a type of sanction that may be imposed for an offense. *See Williams*.

{**¶12**} Where the trial court has failed to impose a statutorily mandated sanction as part of the defendant's sentence, that part of the sentence is void and may be reviewed at any time. *Holdcroft* at ¶ 7, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (holding that where the trial court failed to impose as part of the defendant's sentence a statutorily mandated period of postrelease control, that part of the sentence was "void and must be set aside"); *see State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509 (holding that where the trial court failed to include a statutorily mandated driver's license suspension as part of the defendant's sentence, that part of the sentence was void). Because tier classification under the AWA is a statutorily mandated sanction, the failure of the trial court to properly impose it renders that part of the sentence void, and it may be reviewed at any time.

{**¶13**} The statutory provisions for the imposition of postrelease control and tier sex-offender classification under the AWA are substantially similar. *See State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 23-30 (12th Dist.) (holding that the inclusion of the defendant's Tier III sex-offender classification in the sentencing entry was mandatory, that its omission rendered the sex-offender classification void, and that the classification could not be corrected after the defendant had served his

"journalized sentence"). Therefore, "correction of postrelease control and sex offender classification sentencing errors are to be treated similarly." *Id.* at ¶ 30, citing *State v. Metcalf,* 2016-Ohio-4923, 68 N.E.3d 371, ¶ 19 (12th Dist.) (holding that the analysis for correcting postrelease-control sentencing errors is applicable to the correction of sentencing entries omitting Tier III sex-offender classification, that the omission of a Tier III classification from the sentencing entry renders the classification void, and that the void classification may not be corrected after the offender has completed his sentence).

{¶14} We recognize that both *Halsey* and *Metcalf* involved the imposition of a Tier III classification, which is required by R.C. 2929.19(B)(3)(a)(ii) to be included in the "offender's sentence." But, as noted above, this court has observed that *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.3d 1108, held that all registration and verification requirements under the AWA are punitive; therefore, all tier levels are statutorily mandated sanctions, the correct tier must be included in the sentencing entry, and the failure to include the correct tier classification renders that part of the sentence void. *See Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, at ¶ 6; *Arszman*, 1st Dist. Hamilton No. C-160689, 2017-Ohio-7581; *Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111; *Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185, at ¶ 31 and 48.

{¶15} The Ohio Supreme Court has held that a trial court cannot add a term of postrelease control as a sanction for an offense after the defendant has served the prison term for that offense. *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. The *Holdcroft* court noted "the role that a defendant's legitimate expectation of finality plays in constraining a court's authority to review a sentence," and set forth "three principles [that] provide a framework for future reference":

First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sentence has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified. * * * And once the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way. * * * Although it is true that some other sanctions (such as restitution) may yet be outstanding, a sentence served is a sentence completed.

*Holdcroft* at ¶ 18. "Because the AWA is punitive, and thus imposes a punishment, the possibility exists that a sexual offender may be deprived of a protected liberty interest by virtue of his classification." *Metcalf* at ¶ 20-21. The Supreme Court has made it clear that where a defendant has served the entirety of his prison sentence, his expectation in the finality of the sentence takes precedence, and the sentence may no longer be modified. *Holdcroft* at ¶ 18; *see Hernandez* at ¶ 30-32. As the *Holdcroft* court stated, "Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sentence for that offense." *Holdcroft* at ¶ 19.

{¶16} Rucker was released in January 2015, after serving in its entirety the five-year prison sentence imposed in the entry of conviction. The trial court entered its order purporting to classify Rucker as a Tier II sex offender on October 15, 2018,

7

well after Rucker had served his prison sentence. We hold that the trial court had no authority to classify Rucker as a Tier II sex offender after he had served the prison sentence for his sex offense. Therefore, Rucker has no duty to register as a sex offender. The first assignment of error is sustained.

{¶17} Rucker's second and third assignments of error are rendered moot by our disposition of his first assignment of error, and we decline to address them.

### Conclusion

{¶18} The trial court had no authority to classify Rucker as a Tier II sex offender after he had served the prison sentence for his sex offense. The court's October 15, 2018 order classifying Rucker as a Tier II sex offender is hereby vacated. Therefore, there is no order in place classifying Rucker as a sex offender, and he has no duty to register under the AWA.

Judgment vacated.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.