[Cite as *State v. Frye*, 2021-Ohio-598.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190511 |
| | | C-190512 |
| Plaintiff-Appellee, | : | TRIAL NOS. 17TRD-47147A |
| | | 19CRB-20135 |
| vs. | : | |
| TIMOTHY FRYE | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed in Part and Reversed in Part in C-190511;
                              Appeal Dismissed in C-190512

Date of Judgment Entry on Appeal:  March 5, 2021

*Andrew Garth,* City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Elyse Deters*, Assistant Prosecuting Attorney*,* for Plaintiff-Appellee,

*Timothy Frye,* pro se.

**CROUSE, Judge.**

{¶1}   Defendant-appellant Timothy Frye was cited for three traffic-related violations: driving under suspension in violation of R.C. 4510.16(A), improper change of course in violation of Cincinnati Municipal Code ("CMC") 506-80, and a cracked-windshield violation under CMC 503-55.  He was tried before the bench and convicted of all three counts.  He was ordered to pay a fine of $200 for driving under suspension and $15 for each of the other charges. He has appealed those convictions in the appeal numbered C-190511.  During Frye's trial, he was found in criminal contempt.  He has appealed that conviction in the appeal numbered C-190512.

{¶2}   Frye does not articulate specific assignments of error, making his appeals subject to dismissal pursuant to App.R. 16(A)(3). Nevertheless, we recast his arguments as though they were properly assigned as error.  We sustain the second assignment of error in part and overrule it in part. We hold that his conviction for improper change of course was based upon insufficient evidence. Frye's remaining assignments of error are overruled and the remainder of the trial court's judgments are affirmed.

### C-190512

{¶3}   Frye filed a notice of appeal regarding his conviction for criminal contempt, but he has not presented any argument as to why his conviction was in error.  Thus, the appeal numbered C-190512 is dismissed.  *See State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 43 (1st Dist.) ("to receive consideration on appeal, trial court errors must be raised by assignment of error and must be argued and supported by legal authority and citation to the record").

2

*C-190511*

{¶4}   Cincinnati Police Officer Phil Stout testified that he was asked by the District Five Violent Crimes Squad ("VCS") to find and pull over Frye's vehicle.  He spotted Frye at the intersection of Kings Run Drive and Estes Avenue in Cincinnati, Ohio.  He observed Frye make what he believed to be an improper left turn onto Estes Avenue. Stout testified that Frye "swung it wide, went from curb to center lane versus curb to curb."  Stout also noticed that Frye's vehicle had a cracked windshield. Stout initiated a traffic stop based on those two violations. Through further investigation, he determined that Frye was driving under a suspended license.

### First Assignment of Error

{¶5}   In the first assignment of error, Frye argues that the state failed to establish the trial court's jurisdiction.  This contention is belied by the record. Stout testified that he pulled Frye over in Cincinnati, Ohio.  Thus, jurisdiction over Frye and his offenses was established by the state.

### Second Assignment of Error

{¶6}   In the second assignment of error, Frye argues that his convictions were based upon insufficient evidence. The test for determining the sufficiency of the evidence is whether "after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt."  *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 12, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶7}   CMC 503-55 prohibits operating a vehicle on any highway where "the operator's view through the windshield or any window is obstructed due to the glass

being dirty, cracked, blurred or otherwise non-transparent." R.C. 4510.16(A) provides that no person, whose driver's license has been suspended, shall operate any motor vehicle within the state.

{¶8}   Stout testified that the windshield of Frye's vehicle was "broken" and "cracked." He testified that after he pulled Frye over, he determined that Frye's license was under suspension.  Frye's convictions for driving under suspension and driving with a cracked windshield were based upon sufficient evidence.

{¶9}   CMC 506-80 prohibits turning a vehicle into an intersection when the vehicle is not in proper position upon the roadway as required by CMC 506-84.  The state failed to establish whether Kings Run Drive or Estes Avenue were one- or two-way streets, but it cites to CMC 506-84(b), which states:

> Approach for a left turn from a two-way roadway into a two-way roadway
> shall be made in that portion of the right half of the roadway nearest the
> center line thereof and after entering the intersection *the left turn shall be
> made so as to leave the intersection to the right of the center line of the
> roadway being entered.*

(Emphasis added.)

{¶10}   Stout testified that Frye turned southbound onto Estes Avenue and "swung it wide, went from curb to center lane versus curb to curb." Notwithstanding the vagueness of this description, we interpret this to mean that there are at least two lanes in the southbound direction of Estes Avenue and that Frye turned into a lane other than the inside lane.

{¶11} In *State v. Kirkpatrick*, 2017-Ohio-7629, 97 N.E.3d 871 (1st Dist.), we overturned the defendant's conviction for making an improper left turn in violation of R.C. 4511.36, a statute similar to CMC 506-84. R.C. 4511.36 provides:

> At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection *the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.* Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

(Emphasis added.) *See Kirkpatrick* at ¶ 7.

{¶12} We held that R.C. 4511.36(A)(2) "does not prohibit drivers from turning into the outside, right lane, instead of the inside, left lane." *Id.* at ¶ 13. Rather, it requires drivers to "proceed through the intersection and across the center line before turning left." *Id.* at ¶ 11. Therefore, Frye's left turn did not violate CMC 506-84, and his conviction for improper change of course was based upon insufficient evidence. The second assignment of error is sustained as it relates to Frye's conviction for improper change of course and is overruled as it relates to his other convictions.

### Third Assignment of Error

{¶13} In the third assignment of error, Frye argues that the trial court erred by limiting and then terminating his cross-examination of Stout. "The limitation of *

* * cross-examination lies within the sound discretion of the trial court, viewed in relation to the particular facts of the case." *State v. Treesh*, 90 Ohio St.3d 460, 480, 739 N.E.2d 749 (2001). "Trial judges may impose reasonable limits on cross-examination based on a variety of concerns, such as harassment, prejudice, confusion of the issues, the witness's safety, repetitive testimony, or marginally relevant interrogation." *Id.*

{¶14} Frye's cross-examination of Stout mostly involved repetitive and irrelevant questions and statements. The court did not abuse its discretion by sustaining the state's objections or by terminating cross-examination when Frye refused to comply with the court's directives. The third assignment of error is overruled.

### *Fourth Assignment of Error*

{¶15} In the fourth assignment of error, Frye contends that Stout's testimony should have been excluded under Evid.R. 602 because he lacked personal knowledge of the matters he testified to. Evid.R. 602 provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

{¶16} Stout testified that he observed Frye's left turn and the cracked windshield and, after running his identification information through "the system," determined that Frye was driving under a suspended license. His testimony did not violate Evid.R. 602. The fourth assignment of error is overruled.

***Fifth Assignment of Error***

**{¶17}** In the fifth assignment of error, Frye argues that the state committed prosecutorial misconduct and violated the rule announced in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by seeking his conviction without any evidence of guilt.

**{¶18}** Frye's convictions for driving with a cracked windshield and driving under suspension were based upon sufficient evidence. Frye's conviction for improper change of course was based upon insufficient evidence, but there is nothing in the record indicating that the state committed prosecutorial misconduct or violated the *Brady* rule. The fifth assignment of error is overruled.

***Sixth Assignment of Error***

**{¶19}** In the sixth assignment of error, Frye contends that the trial judge demonstrated judicial bias in favor of the state and against him by not giving him the presumption of innocence and denying his requests for a jury trial.

**{¶20}** "Judicial bias is demonstrated by 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *State v. Loudermilk*, 2017-Ohio-7378, 96 N.E.3d 1037, ¶ 21 (1st Dist.), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

**{¶21}** There is nothing in the record indicating that the trial judge "formed a fixed, anticipatory judgment," or presumed Frye's guilt. The judge found Frye guilty

after considering Stout's testimony and giving Frye a fair chance for cross-examination.

{¶22} Regarding Frye's requests for a jury trial, there is no right to a jury trial in cases involving minor misdemeanors or violations for which the potential penalty does not include the possibility of a prison term or jail term and for which the possible fine does not exceed $1,000. R.C. 2945.17(B).

{¶23} Driving under a suspended license in violation of R.C. 4510.16(A) is an unclassified misdemeanor. The offender is not subject to a jail term and may not be fined more than $1,000. R.C. 4510.16(D)(1). The maximum sanction for a violation of CMC 503-55 is a fine of $101. CMC 512-4. A violation of CMC 506-80, unless committed within one year of another violation of the traffic code, carries a maximum penalty of $100. CMC 512-1. Nothing in the record indicates that Frye had been convicted of multiple traffic violations within a one-year period. Therefore, the maximum penalty he could have received for violating CMC 506-80 was a fine of $100.

{¶24} The trial court did not err in denying Frye's requests for a jury trial. There is no indication that the trial judge was biased against Frye or in favor of the state. The sixth assignment of error is overruled.

### *Conclusion*

{¶25} The appeal numbered C-190512 is dismissed. The second assignment of error is sustained in part and overruled in part. Frye's conviction for improper change of course in violation of CMC 506-80 is reversed and he is discharged from further prosecution on that count. All other assignments of error are overruled, and the remainder of the trial court's judgments are affirmed.

Judgment accordingly.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.