Carl **SCHNEIDER,**
Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 45A03–8807–CR–217.

Court of Appeals of Indiana,
Third District.

May 18, 1989.

Scott King, Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Schneider was tried by jury and found guilty of involuntary manslaughter as charged in the information.

The facts were essentially undisputed. Schneider and two companions encountered the victim who was walking with a girl at about 10:45 p.m. on a Sunday night. The girl decided she wished to accompany one of Schneider's companions, Morgan. When the victim began to walk away, Schneider and Morgan went after him and began hitting him with their fists. The victim retreated into the street and either fell or was knocked down. Schneider and Morgan then began kicking him where he lay.

At that point the other companion, who had remained at the corner, saw a car coming and yelled. Schneider and Morgan ran from the street leaving the victim lying there. A moment later he was run over by the approaching car.

The victim died of the injuries he sustained, principally a skull fracture and contusion of the lung and heart. The pathologist determined that the injuries were caused by blunt force but could not say for certain whether some of the injuries were caused by the car or a fist or foot.

On appeal Schneider first challenges the sufficiency of the evidence as well as the giving of final instruction No. 8 and the refusal to give his tendered instructions Nos. 1, 2, 3, 4 and 7. The central concern of all these issues is the necessary causative effect between the battery committed and the victim's death.

Schneider recognizes that the mere intervention of the automobile is not per se sufficient to preclude his liability. He nevertheless argues that the jury was not adequately instructed and that the evidence was insufficient to sustain the conviction. We disagree.

Instruction No. 8 told the jury:

In order for the defendant to be held responsible for the death of another person, the evidence must have shown that the unlawful actions of the defendant caused the death of the other person either directly or indirectly. The fact that an intervening agency may have inflicted the fatal injuries will not relieve a defendant from his responsibility if the State has proved beyond a reasonable doubt that the defendant's actions caused the death of the victim by placing the victim in circumstances which the defendant knew or should have known were life threatening, and without which the death would not have occurred.

In addition, instruction No. 4 told the jury that in order to convict, the state was required to prove that the defendant killed the victim while committing or attempting to commit a battery.

We agree, of course, that the jury might have been instructed in more detail concerning causation and the role of foreseeability when an asserted intervening cause is present. That, however, is not the issue. A defendant is entitled to a fair trial, not a perfect one.

Here the jury was instructed that the state had the burden of proving that Schneider caused the death of the victim by committing a battery under such circum-

stances that Schneider knew or should have known placed the victim in peril of being killed and that but for Schneider's unlawful actions the death would not have occurred. That adequately and correctly states the law on causation under the circumstances of the case. *See, e.g., Gibson v. State* (1987), Ind., 515 N.E.2d 492; *Miller v. State* (1975), 263 Ind. 595, 335 N.E.2d 206; *Stephenson v. State* (1932), 205 Ind. 141, 179 N.E. 633.

It follows that it was not error to refuse Schneider's tendered instructions Nos. 1, 2, 3, 4 and 7 since they were covered by instructions given by the court. (We also note that the tendered instructions were misleading because as written they implied there could only be one proximate cause rather than contributing causation.)

Concerning Schneider's insufficiency claim we note that the facts are remarkably close to those in *Manna v. State* (1982), Ind., 440 N.E.2d 473 where our supreme court upheld a conviction for murder in the perpetration of a robbery. There the victim was beaten and robbed and left lying in an alley. The victim was then struck and killed by an automobile which had entered the alley. The court stated:

> The jury could reasonably have concluded that the defendant struck the deceased and thereby rendered him unconscious or otherwise unable to extricate himself from the path of the oncoming automobile that eventually struck him. Under such circumstances it is immaterial whether the death resulted from the blows from the defendant or the injuries occasioned by the automobile.

440 N.E.2d at 475.

■ In the present case the jury could reasonably have inferred that when Schneider and Morgan pursued the victim into the street at night and began kicking him as he lay in the street, they knew or were bound to know that if a vehicle came down the street the victim would likely be unable to get out of the way and might be struck. That is precisely what occurred, and it is immaterial which injuries actually caused the victim's death.

Schneider next argues the court erred in refusing his instruction on simple battery, a Class B misdemeanor, as a lesser included offense. We agree that battery was necessarily included in the offense charged. Even so our supreme court has declared repeatedly that to avoid compromise verdicts the court should refuse an instruction on an included offense where the evidence produced at trial concerning the distinguishing element between the offenses has substantial probative value and is not in serious dispute. *See, e.g., Jones v. State* (1988), Ind., 519 N.E.2d 1233; *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208.

■ That injunction applies here. There was certainly no dispute about the victim's death or that it was caused by the injuries he received from being struck or beaten or both. Moreover, because the car appeared while the beating was still in progress and immediately struck the victim, there is no substantial dispute as to the question of causation. Since the homicide is the distinguishing feature between the offenses it was not error to refuse the battery instruction because it was not seriously disputed by the evidence that death occurred as a result of the battery committed in the street.

■ Finally, Schneider argues the court erred when it permitted the state to introduce as part of its case-in-chief testimony given by Schneider during a pre-trial suppression hearing. We agree that it was error to allow such testimony to be admitted. *Simmons v. United States* (1968), 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

Yet under the circumstances we find the error was harmless. The incident occurred following the testimony of Officer Mattingly who took a statement from Schneider shortly after the event and through whom the written statement signed by Schneider was admitted in evidence. In it Schneider stated at the conclusion that he had told the police everything and twice stated his statement was the truth. During cross examination it was suggested that perhaps the statement did not contain everything Schneider had said. It was then that the state offered the testimony from the sup-

pression hearing as an exhibit. After ruling on the objection the court did not admit the exhibit. Instead, the judge advised the jury:

Ladies and gentlemen of the jury, at the request of Mr. Vanes, we're bringing the following to your attention and it regards the document that was read to you before lunch, identified as State's exhibit 7, a statement attributed to the defendant and I would indicate that in preliminary matter on the 5th day of June, 1987, the defendant was asked these questions and gave these answers regarding that statement: Question, you've had a chance, Carl, to probably read it since then, haven't you? Answer, yes. Question, is that the same, is that what you told them that day? Answer, yes, it's the truth. Question, and you told them that because you wanted to tell them that? Answer, yes, I did.

Subsequently, Schneider elected to testify and indicated the statement was incorrect in reporting that he had participated in kicking the victim.

At that juncture Schneider's pretrial statements became admissible under the rationale of *Harris v. New York* (1971), 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 and *Stevens v. State* (1976), 265 Ind. 396, 354 N.E.2d 727 even though it was given at a suppression hearing.

We therefore find that the error in admitting the statement during the state's case-in-chief was rendered harmless. That finding is reinforced by counsel's inability in his brief to point to any prejudice Schneider suffered as a result of the error.

The conviction is affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.