[Cite as *State v. Emanuel*, 2021-Ohio-448.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190450 |
| | | TRIAL NO. 17CRB-16417C |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| JAMES EMANUEL, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 19, 2021

*Andrew W. Garth*, Interim City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio, City of Cincinnati,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   On July 13, 2017, defendant-appellant James Emanuel was convicted of sexual imposition, a conviction that automatically classified Emanuel as a Tier I sexual offender.  The municipal court judge's sheet, which sentenced Emanuel, contains the notation, "all warnings about responsibilities as a sex offender were read to defendant."  This sentencing entry does not contain the language "Tier I."  The record contains a notification of registration duties signed by Emanuel indicating that he was a Tier I sex offender.  This notification explains in detail all of Emanuel's duties.  And, consistent with the judgment entry's notification that all responsibilities were read to Emanuel, the judge also signed the written notification form indicating that he read these duties to Emanuel and that he understood them.  Emanuel also acknowledged by his signature that the requirements had been explained to him.  Emanuel appealed his sexual-imposition conviction, which we affirmed in *State v. Emanuel*, 1st Dist. Hamilton Nos. C-170445 and C-170446 (July 18, 2018) ("*Emanuel I*").  The only issues raised in Emanuel's appeal were the weight and sufficiency of the evidence supporting his conviction.

{¶2}   Emanuel's probation was terminated on March 12, 2019.  On June 5, 2019, Emanuel filed a motion to vacate/set aside his tier classification and registration requirements on the basis that the municipal court had not imposed the Tier I classification in the sentencing entry, and therefore, the classification had never been legally imposed.  Emanuel further argued that because he had served his sentence, the trial court had no authority to impose the classification.  The trial court overruled Emanuel's motion on the basis of a sentence reciting the facts in *Emanuel I*, which stated, "The jail term imposed for each crime was suspended, and the trial court placed him on one year of community control and classified him as a Tier I sexual offender."  Relying on that sentence, the municipal court stated that "the

2

matter has been determined," and overruled Emanuel's motion. Emanuel has appealed.

{¶3} We first note that the issue of Emanuel's tier classification was not raised or decided in *Emanuel I*. The only issues raised in that appeal were the weight and sufficiency of the evidence. Therefore, the issue of tier classification has not previously been addressed.

{¶4} In this appeal, Emanuel's sole assignment of error states, "The trial court erred in denying the motion to vacate Mr. Emanuel's tier classification." Because we did not previously decide any issue with respect to classification in the prior appeal, we address it now.

{¶5} This court has held repeatedly that any tier classification under Ohio's version of the Adam Walsh Act is a criminal sanction that is part of the sentence and must be set forth in the sentencing entry in order to be effective. *See State v. Rucker*, 1st Dist. Hamilton No. C-180606, 2019-Ohio-4490; *State v. Fannon*, 1st Dist. Hamilton No. C-180270, 2019-Ohio-1752; *State v. Merritt*, 1st Dist. Hamilton No. C-170649, 2018-Ohio-4995; *State v. Arszman*, 1st Dist. Hamilton No. C-170595, 2018-Ohio-4132; *State v. Rucker*, 1st Dist. Hamilton No. C-170488, 2018-Ohio-3575; *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962. We held in *Fannon* that the tier classification was never imposed where it was not included in the sentencing entry, even though the classification was "noted at the hearing and documented in detail in the 'Explanation of Duties to Register as a Sex Offender[.]' " In *Merritt*, we held that the tier classification was not imposed where it was not included in the sentencing entry, even though the trial court had informed Merritt before accepting his pleas that he would be a Tier III sex offender subject to registration requirements.

{¶6} In this case, the municipal court did not include a "Tier I" sex offender classification in its sentencing entry. It merely stated that the warnings about responsibilities as a sex offender were given to Emanuel. We must determine if this was sufficient.

{¶7} Under our case law, the tier classification must be included in the sentencing entry in order to be effective; and therefore, the tier classification was not validly imposed in this case. We must now determine how the trial court's failure to include the tier classification in the sentencing entry affects Emanuel's duty to register. This depends in part on whether the sentence is void or voidable.

{¶8} The Supreme Court of Ohio recently stated, in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4-5,

Today, we realign our precedent in cases involving the imposition of postrelease control with the traditional understanding of what constitutes a void judgment. When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal.

In this case, the common pleas court had subject-matter jurisdiction over the case and personal jurisdiction over the accused. Because the court had the constitutional and statutory power to enter a finding of guilt and impose a sentence, any error in the exercise of its jurisdiction in failing to properly impose postrelease control renders the judgment of conviction voidable, not void, and it is not subject to collateral attack.

4

**{¶9}** In *State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 1, the Supreme Court stated, citing *Harper*, "Here, we conclude that sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." The *Henderson* court further stated,

> [W]e are mindful that parties may still try to distinguish *Harper* from cases that do not involve the imposition of postrelease control. Today, we make it clear that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term. A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.

*Henderson* at ¶ 27.

**{¶10}** While prior precedent held that the classification portion of the sentence was void, pursuant to the Supreme Court's decisions in *Harper* and *Henderson*, the trial court's failure in this case to include in its sentencing entry the tier classification, which was part of Emanuel's sentence, rendered that part of the sentence voidable, not void. Therefore, in order to correct it the error had to be raised on direct appeal. But neither party raised the error on direct appeal, and it cannot now be raised.

**{¶11}** Under our case law requiring that the tier classification be included in the sentencing entry to be effective, there is no valid order in place requiring Emanuel to register as a sex offender. Therefore, Emanuel is not required to register as a sex offender. The assignment of error is sustained.

{¶12} We note that Emanuel's motion requested that the trial court vacate/set aside his sex offender his tier classification and registration requirements. But because the tier classification was never validly imposed, it need not be vacated or set aside. We remand this cause with instructions to the trial court to enter an order that Emanuel does not have to register as a sex offender because there is no valid order in place requiring him to register.

Judgment accordingly.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.