[Cite as *State v. Hardman*, 2022-Ohio-3309.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-210189
                                                   TRIAL NO. B-1404756
    Respondent-Appellee,           :

  vs.                                   :          *O P I N I O N.*

JEREMY HARDMAN,                         :

    Petitioner-Appellant.          :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                         Remanded

Date of Judgment Entry on Appeal:  September 21, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for Petitioner-Appellant.

Zayas, **Judge**.

**{¶1}** Petitioner-appellant Jeremy Hardman appeals the common pleas court's judgment dismissing his R.C. 2953.21 petition for postconviction relief, finding that Hardman's four postconviction claims were barred by res judicata. Because we hold that res judicata did not operate to bar two of the claims, where the resolution of those claims depended on evidence outside the trial record, we reverse the court's judgment in part and remand for further proceedings.

### Background

**{¶2}** Following a traffic incident and an ensuing confrontation, Jeremy Hardman shot and killed Anthony Griffin. Prior to trial, Hardman declined the state's plea offer, which included a 22-year prison term. Despite Hardman's claim of self-defense, he was convicted upon jury verdicts of murder and accompanying specifications. He was sentenced to 26 years to life in prison. We affirmed his murder conviction on direct appeal, *State v. Hardman*, 1st Dist. Hamilton No. C-150549, 2016 Ohio App. LEXIS 3902 (Sept. 28, 2016), *appeal not allowed*, 149 Ohio St.3d 1433, 2017-Ohio-4396, 76 N.E.3d 1208. Hardman then filed an App.R. 26(B) application to reopen his direct appeal, arguing that his appellate counsel was ineffective for failing to assign as error trial counsel's constitutional ineffectiveness by refusing to allow Hardman to testify in support of his claim of self-defense. We denied the application to reopen, noting that "[b]ecause this challenge depends for its resolution upon evidence outside the trial record, the appropriate vehicle for advancing it is a postconviction claim."

### Postconviction Petition

**{¶3}** In December 2016, Hardman filed a timely petition for postconviction relief under R.C. 2953.21 seeking relief from his murder conviction on four grounds, all claiming that his trial counsel was constitutionally ineffective.

**{¶4}** In his first claim, Hardman contends that he was denied the effective assistance of counsel during the plea negotiations. In his affidavit, Hardman averred

2

that trial counsel advised him against accepting the state's plea offer, which included a 22-year sentence, even though Hardman had told counsel that he wanted to accept the offer because he did not want to risk being found guilty of the charges and being sentenced to life in prison. Hardman averred that trial counsel told him that the state's case against him was weak, and counsel believed he could "win" with an acquittal or at least obtain a conviction on a lesser-included charge resulting in a shorter prison term. Hardman also submitted the affidavits of his mother, brother, and girlfriend, all of whom averred that they had spoken with trial counsel and stated that Hardman rejected the plea offer because trial counsel had convinced Hardman that he could "win."

{¶5} In his second claim, Hardman contends trial counsel was ineffective for failing to call his two girlfriends as witnesses, whom Hardman believed could have "shed light" on the night's events. Hardman supported this claim with the unsworn statement of Tremika Murray, who stated that Hardman had left her home the night of the shooting at 10:45 p.m., and returned the next morning shortly after 7:30 a.m.

{¶6} Next, Hardman contends his trial counsel was ineffective for failing to introduce character evidence. Hardman argues that if trial counsel had introduced Griffin's prior "CCW violation," this would have demonstrated that Griffin had been the aggressor and would have supported Hardman's self-defense claim. In support of this argument, Hardman attached a copy of a transcript of the docket and journal entries indicating that Griffin had been charged with "mishandling a firearm in a motor vehicle" in 2014.

{¶7} Finally, Hardman claims he was denied a fair trial and the effective assistance of counsel when his trial counsel prevented him from testifying in his own defense. In his affidavit attached to his petition, Hardman argues he would have testified that he had not been following Griffin the night of the shooting but had been driving his usual route home. Hardman wished to explain to the jury that during his encounter with

Griffin, he realized he had met Griffin "at his workplace AutoZone on Hamilton Ave" and that "[Griffin] was part of a car club that interacted with the car club [I] was in." Hardman would have testified that from the car-club interaction he knew that Griffin had had a physical altercation with another individual and "[Griffin] had a gun." Therefore, he would have testified that it was his "intention [by stopping to engage with Griffin] to talk it out and make sure that it was cool, and it was [not going to] be [an] ongoing[] situation between us when he sees me in the future." Hardman also stated that he would have testified that he could not have driven away when Griffin, breaking free from the people restraining him, had approached Hardman's vehicle in the street because "there was another car coming" and that he was "afraid that Griffin would shoot me in the back or side of my head."

{¶8} The trial court held an evidentiary hearing on Hardman's petition, at which Hardman and his former trial counsel testified. Hardman testified that he and trial counsel had spoken before trial and had agreed that Hardman would testify in his own defense. Trial counsel testified that once the trial court had said that it was inclined to give jury instructions on self-defense and a lesser-included offense, trial counsel requested a five-minute recess to speak with his client. Trial counsel testified that during the recess he had explained to Hardman that he did not need to testify because the trial court was going to instruct the jury on self-defense. But Hardman testified that his trial counsel had not informed him that he was not going to be called as a witness until after trial counsel had rested the defense's case, and at that point, he was no longer able to testify.

{¶9} Following the evidentiary hearing, the trial court denied Hardman's petition, finding that all four claims were barred by res judicata and that Hardman "had the ability with appellate counsel [on direct appeal] to address concerns regarding his trial counsel's actions (or inactions), including not calling upon [Hardman] to testify at trial."

4

{¶10} Hardman now appeals, raising three assignments of error.

**Res Judicata**

{¶11} In his first assignment of error, Hardman argues the common pleas court erred by denying his petition for postconviction relief. Generally, we review a trial court's denial of a petition for postconviction relief under an abuse-of-discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, if the trial court dismisses or denies a petition on legal grounds, for example based on res judicata, an appellate court's review is de novo. *State v. Lett*, 11th Dist. Lake No. 2017-L-169, 2018-Ohio-2351, ¶ 16.

{¶12} Under the doctrine of res judicata, a judgment of conviction bars a defendant from raising in any proceeding, other than a direct appeal from that judgment, any claim "that was raised or could have been raised" in the direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Thus, res judicata bars a postconviction claim that could fairly have been determined in the direct appeal, based upon the trial record and without resort to evidence outside the record. *Id.*; *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

{¶13} A postconviction petitioner may resist the application of res judicata to bar his postconviction claim by supporting the claim with outside evidence. But merely submitting outside evidence will not preclude the common pleas court from applying res judicata to bar a claim. The claim must depend on the outside evidence for its resolution. *Id.* And the outside evidence must be "competent, relevant and material" to the claim, it must "meet some threshold standard of cogency" by being more than "marginally significant," and must "advance the * * * claim beyond mere hypothesis and a desire for further discovery." *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 Ohio App. LEXIS 1485 (Mar. 17, 1993).

{¶14} Here, each of Hardman's four postconviction claims challenge the constitutional effectiveness of his trial counsel. To prevail on a claim of ineffective

assistance of counsel, a postconviction petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 13 (1989). To establish prejudice, the petitioner must demonstrate that counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result." *State v. Powell*, 90 Ohio App.3d 260, 266, 629 N.E.2d 13 (1st Dist.1993), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 112 L.Ed.2d 180 (1993), and *Strickland*.

### Second and Third Claims are Barred by Res Judicata

**{¶15}** Hardman's postconviction claims contending his trial counsel was constitutionally ineffective for failing to call his girlfriends as witnesses and failing to introduce character evidence of the victim were properly dismissed by the trial court based on res judicata. Although Hardman introduced evidence outside the record to support these claims, that evidence was not relevant or material and did nothing to advance Hardman's claim of trial counsel's ineffectiveness. First, the unsworn affidavit of Murray merely indicated that she was not with Hardman during the shooting. Second, the evidence demonstrating Griffin's prior charge of mishandling a firearm in a motor vehicle is irrelevant to Hardman's claim of self-defense, and thus, trial counsel was not ineffective in failing to introduce it, as that evidence would not have been admissible at trial. *See State v. Barnes*, 94 Ohio St.3d 21, 24, 759 N.E.2d 1240 (2002) (Evid.R. 405(B) prohibits a defendant who asserts a claim of self-defense from introducing evidence of the victim's conduct to prove that the victim was the aggressor).

### Res Judicata Does Not Bar First and Fourth Claims

**{¶16}** Turning to Hardman's postconviction claims asserting trial counsel's ineffectiveness in advising Hardman to reject the state's offer and preventing or advising him against exercising his right to testify, we note that the resolution of these claims

depends on evidence outside the record; specifically, on the private conversations between Hardman and trial counsel and Hardman's family members and trial counsel. (We even stated, in our decision denying Hardman's application to reopen his direct appeal, that Hardman's ineffective-assistance-of-counsel claim depended on evidence outside the trial record and must be brought in a postconviction petition.) Hardman would not have been able to resolve these claims on direct appeal because there was nothing in the trial record to support Hardman's assertions, if believed, that Hardman only rejected the state's offer because trial counsel had assured him he could win the case or that he had communicated his desire to testify to his counsel, counsel had agreed to it, and that Hardman had been unaware that his counsel was not going to call him as a witness until after defense counsel had rested the defense's case. Further, Hardman's affidavit detailing what he would have testified to if given the opportunity was relevant to the prejudice prong of an ineffective-assistance-of-counsel claim, and necessary to resolve his claim.

{¶17} Notably, we make no determination as to whether the evidence presented by Hardman proves his ineffective-assistance-of-counsel claims as that is best left to the common pleas court in the first instance. We simply conclude that this evidence, which is outside the original record, is necessary to resolve his first and fourth postconviction claims. And when evidence outside the record is necessary to resolve a postconviction claim, res judicata may not be applied to dismiss that claim. *Perry*, 10 Ohio St.2d at paragraph nine of the syllabus, 226 N.E.2d 104; *Cole*, 2 Ohio St.3d at 114, 443 N.E.2d 169. Therefore, we sustain the first assignment of error in part and overrule it in part and remand this cause to the trial court to consider the merits of Hardman's first and fourth postconviction claims.

### Remaining Assignments

{¶18} In his second and third assignments of error, Hardman challenges the court's conclusion that his trial counsel did not violate his rights under the Fifth and Sixth

Amendments to the United States Constitution when trial counsel prevented him from testifying at trial and advised him to reject the state's plea offer. There is nothing for us to review under these assignments because the trial court never decided the merits of the first and fourth postconviction claims. In its entry denying Hardman's petition, the trial court did not make any findings of fact based on the evidence presented by the parties in the affidavits and at the evidentiary hearing, and only concluded that all claims were barred by res judicata. Given our resolution of the first assignment of error, and our remand for the trial court to consider the merits of these claims, these assignments of error are moot.

{¶19} In conclusion, we reverse the trial court's judgment dismissing Hardman's first and fourth postconviction claims, contending that trial counsel was constitutionally ineffective by advising Hardman to reject the state's offer and in preventing Hardman from exercising his right to testify at trial, and remand this cause to the common pleas court for further proceedings consistent with this opinion and the law. We affirm the judgment in all other respects.

Judgment affirmed in part, reversed in part, and caused remanded.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.