[Cite as *State v. Tate*, 2025-Ohio-1638.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.   C-240473
                                                   TRIAL NO.    B-2001014
      Plaintiff-Appellee,          :

  vs.                                   :

TONY TATE,                              :          *JUDGMENT ENTRY*

      Defendant-Appellant.         :


This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 5/7/2025 per order of the court.**


**By:**_____
      **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :        APPEAL NO.  C-240473
                                                 TRIAL NO.   B-2001014
      Plaintiff-Appellee,             :

  vs.                                   :        *O P I N I O N*

TONY TATE,                              :

      Defendant-Appellant.            :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 7, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill*, *Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Tony Tate*, pro se.

**CROUSE, Judge.**

{¶1} Defendant-appellant Tony Tate appeals the judgment of the Hamilton County Court of Common Pleas dismissing his R.C. 2953.21 petition for postconviction relief. Because Tate's postconviction claims were barred by res judicata, we affirm the common pleas court's judgment.

## I.    *Factual and Procedural History*

{¶2} Tate's charges for felonious assault and other crimes arose from a shooting incident that occurred on Reading Road in front of a liquor store on February 19, 2020. While knowingly shooting at the two intended victims, Tate also fired a random bullet that hit a 13-year-old girl in the back as she was entering a nearby building for a dance class. In July 2023, Tate and the State entered into a plea agreement, which included an agreed sentence. In exchange for the State dismissing three counts of felonious assault with accompanying gun specifications and one count of tampering with evidence, Tate entered guilty pleas to and was convicted of three counts of aggravated assault, with two accompanying gun specifications, and one count of carrying a concealed weapon. The trial court imposed the agreed sentence: 15 months for each count of aggravated assault, 15 months for the weapons charge, and three years for each gun specification, all ordered to be served consecutively for an aggregate sentence of 11 years. Tate did not appeal.

{¶3} Rather than moving for leave to file a delayed appeal, *see* App.R. 5, Tate filed a timely petition for postconviction relief. In his petition, Tate asserts two claims. In his first claim, he contends that the trial court committed plain error by imposing a prison term for each gun specification. Citing R.C. 2929.14(B)(1)(b), he argues that his use of the gun to commit the charged offenses was a part of a continuous course of conduct and therefore his gun specifications should have merged for purposes of

sentencing. In his second claim, he contends that he received ineffective assistance of counsel, as his trial counsel failed to file a motion to dismiss the charges based on a violation of Tate's statutory speedy-trial rights.

**{¶4}** The common pleas court dismissed Tate's petition, concluding that both claims were barred by res judicata. In its findings of fact and conclusions of law, the court found that although the sentencing court had erroneously imposed a separate prison term for each gun specification, it concluded that because Tate could have raised this issue in a direct appeal and did not do so, his claim is now barred by res judicata. The court also found Tate's ineffective-assistance-of-counsel claim could have been raised on direct appeal where the evidence necessary to litigate that claim was contained in the trial record.

**{¶5}** Tate now appeals the dismissal of his petition.

## II. *Postconviction Claims Barred by Res Judicata*

**{¶6}** A petition may be dismissed without a hearing based upon the doctrine of res judicata, if the trial court finds that the petitioner could have raised the issues in the petition at trial or on direct appeal without resorting to evidence beyond the scope of the trial record. *State v. Scudder*, 131 Ohio App.3d 470, 476 (10th Dist. 1998); *State v. Szefcyk*, 1996-Ohio-337, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. We review the dismissal of a petition based on res judicata de novo. *State v. Hardman*, 2022-Ohio-3309, ¶ 11 (1st Dist.).

**{¶7}** In his first assignment of error, Tate argues that the common pleas court erred by dismissing his postconviction claim challenging his sentences for the gun specifications. Although the trial court may have erred by failing to merge the gun specifications, we agree with the common pleas court that this alleged error could have been raised in the first instance either at sentencing or on direct appeal, and thus, it is

now barred by res judicata. The Ohio Supreme Court has explained that an error in the imposition of a sentence renders that sentence voidable, not void, where the "court imposing the sentence has jurisdiction over the case and the defendant." *State v. Harper*, 2020-Ohio-2913, ¶ 4; *State v. Henderson*, 2020-Ohio-4784, ¶ 1. If a sentencing error renders the defendant's sentence voidable, the error must be challenged on direct appeal, or the sentence will be subject to res judicata. *Harper* at ¶ 43; *State v. Emanuel*, 2021-Ohio-448, ¶ 9 (1st Dist.). Here, there is no dispute that the trial court had subject-matter jurisdiction to accept Tate's guilty pleas, enter findings of guilt, and impose sentence, and it had personal jurisdiction over Tate. Thus, any sentencing error was voidable and had to be raised on direct appeal. Because Tate did not file a direct appeal, this claim is barred by res judicata. The first assignment of error is overruled.

{¶8} In his second assignment, Tate maintains that the common pleas court erred by dismissing his claim that his trial counsel was constitutionally ineffective based on res judicata. We disagree.

{¶9} In order to avoid the application of res judicata, Tate's claim of ineffective assistance of counsel must depend on evidence outside the trial record for its resolution or it is barred by res judicata. Tate has not attached any evidence to his petition to demonstrate that his counsel was deficient in failing to move to dismiss the charges. All the entries for continuances are contained within the trial record and therefore, the issue of whether Tate's statutory speedy-trial rights were violated and whether his counsel was ineffective for failing to assert such a challenge could have been raised and litigated on direct appeal. As such, Tate's postconviction claim for ineffective assistance of trial counsel for failing to raise a speedy-trial challenge is barred by res judicata. The second assignment of error is overruled.

### III. Conclusion

**{¶10}** Having overruled Tate's two assignments of error, we affirm the lower court's judgment dismissing Tate's petition.

Judgment affirmed.

**KINSLEY**, **P.J.**, and **BOCK, J.,** concur.