[Cite as *State v. Miller*, 2025-Ohio-2423.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.   C-240378
                                                   TRIAL NO.    B-1204674
      Plaintiff-Appellee,          :

  vs.                                   :

IAN MILLER,                             :          *JUDGMENT ENTRY*

      Defendant-Appellant.         :

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/9/2025 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *State v. Miller*, 2025-Ohio-2423.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240378 |
| | | TRIAL NO. B-1204674 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| IAN MILLER, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 9, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ian Miller,* pro se.

CROUSE, **Presiding Judge.**

{¶1} Defendant-appellant Ian Miller appeals the judgment of the Hamilton County Court of Common Pleas denying his motion for a new sentencing hearing and a "corrected" judgment entry of conviction. Because Miller's challenges to his sentence are barred by res judicata, we affirm.

## I.   *Factual and Procedural History*

{¶2} In 2012, Miller was indicted for two counts of murder, each with a firearm specification. Following a jury trial, Miller was found not guilty of purposeful murder, but guilty of felony murder and the accompanying specification in connection with the shooting death of the boyfriend of his child's mother. At Miller's sentencing hearing, the trial court improperly told Miller that he was eligible to earn "good time credit" under R.C. 2967.193 while in prison, but this notification was not included in the judgment entry of conviction. Relevant to this appeal, the judgment entry of conviction (1) states that Miller was found guilty, based upon a jury verdict, of "Count 2: Murder With Specification, 2903-02B/ORCN, SF," (2) imposes an aggregate prison term of 18 years to life, and (3) credits Miller for time already served. The judgment entry is signed by the sentencing judge and contains a time stamp reflecting entry upon the journal of the clerk of courts.

{¶3} Miller unsuccessfully challenged his murder conviction on direct appeal and by postconviction motions filed in 2018 and 2021. *State v. Miller*, No. C-140101 (1st Dist. May 22, 2015); *State v. Miller*, No. C-180199 (1st Dist. June 14, 2019); *State v. Miller*, 2021 Ohio App. LEXIS 4077 (1st Dist. Nov. 24, 2021).

{¶4} In his most recent challenge to his judgment entry of conviction in the common pleas court, Miller, citing both Crim.R. 36 and Crim.R. 52(B), argued that the trial court had committed plain error by failing to delineate the type of specification

that he had been found guilty of and by awarding him "good time credit" when the court did not have the authority to do so. The common pleas court denied the motion, and Miller now appeals.

## II. Analysis

{¶5} In his single assignment of error, Miller contests the denial of his motion and contends that his sentence is contrary to law because it "authorize[d] [Miller] to collect earned credit to reduce his sentence" and because it failed to delineate the type of specification for which he was sentenced.

{¶6} Although Miller cited Crim.R. 36 in his motion, he did not argue that the sentencing court had simply made a clerical mistake or omission on the entry that must be corrected. Instead, citing Crim.R. 52(B), he raised substantive challenges to his conviction, maintaining that the trial court committed plain error by imposing a sentence contrary to law.

{¶7} After reviewing the record, we overrule Miller's single assignment of error because his challenges to his sentence are barred by res judicata. Res judicata prohibits a defendant from raising in any proceeding, other than a direct appeal from that judgment, "any claim 'that was raised or could have been raised' in the direct appeal." *State v. Hardman*, 2022-Ohio-3309, ¶ 12 (1st Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶8} In *State v. Harper*, 2020-Ohio-2913, and *State v. Henderson*, 2020-Ohio-4784, the Ohio Supreme Court addressed its "void-sentence jurisprudence" and determined that "sentences based on an error" are voidable, not void, "if the court imposing the sentence has jurisdiction over the case and the defendant." *Henderson* at ¶ 1; *Harper* at ¶ 4. Thus, any sentencing error rendering the sentence voidable must be challenged on direct appeal, or the sentence will be subject to res judicata. *Harper*

at ¶ 43; *State v. Emanuel*, 2021-Ohio-448, ¶ 9 (1st Dist.).

**{¶9}** Here, the trial court had subject-matter jurisdiction over Miller's felony trial, *see Harper* at ¶ 25, and personal jurisdiction over Miller. *See Henderson* at ¶ 36 (in criminal matters, a trial court acquires personal jurisdiction by lawfully issued process, followed by the arrest and arraignment of the defendant and the entry of a plea to the charge). Thus, any sentencing error rendered Miller's sentence voidable, and any challenge to his sentence should have been raised on direct appeal. Because res judicata applies to bar Miller's current challenges to his sentence, we cannot say that the lower court erred by denying his motion for a "corrected" sentencing hearing.

**{¶10}** Miller also argues, for the first time on appeal, that his judgment entry of conviction is not a final, appealable order under Crim.R. 32(C). But Miller has waived that challenge, because he did not raise it below. *See State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10; *State v. Walker*, 2017-Ohio-9255, ¶ 26 (1st Dist.) (noting issues not raised in the trial court may not be raised for the first time on appeal and are waived). Despite that waiver, we note that Miller's judgment entry of conviction complies with Crim.R. 32(C). The entry states the fact of conviction and the sentence imposed and contains the judge's signature as well as the time stamp indicating entry upon the journal by the clerk. *See State v. Lester*, 2011-Ohio-5204, ¶ 14.

### III. Conclusion

**{¶11}** Having overruled Miller's sole assignment of error, we affirm the common pleas court's judgment.

Judgment affirmed.

**BOCK** and **MOORE, JJ.,** concur.